**TIMOTHY A. SCOTT**
California Bar No. 215074
**NICOLAS O. JIMENEZ**
California Bar No. 295057
SCOTT TRIAL LAWYERS, APC
1350 Columbia St., Suite 600
San Diego, California 92101
Phone Number: (619) 794-0451
Fax Number: (619) 652-9964
Email: tas@scotttriallawyers.com
       noj@scotttriallawyers.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. REYES,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; DOE CBP OFFICERS 1-30, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, inclusive,<br><br>    Defendants. | Civil No. __'20CV1752 WQHLL__<br><br>**COMPLAINT FOR:**<br>1. **Bivens: Excessive Force;**<br>2. **Bivens: Illegal Arrest;**<br>3. **Bivens: Falsification of Evidence;**<br>4. **Violations of Rehabilitation Act;**<br>5. **FTCA: False Imprisonment;**<br>6. **FTCA: Assault;**<br>7. **FTCA: Battery;**<br>8. **FTCA: Negligence;**<br>9. **FTCA: Bane Act;**<br>10. **FTCA: Intentional Infliction of Emotional Distress.**<br><br>**DEMAND FOR JURY TRIAL ON NON-FTCA CLAIMS** |

1

COMPLAINT

## I. INTRODUCTION.

1. Without reason or justification, U.S. Customs and Border Protection Officers at the Otay Mesa Port of Entry severely beat, injured, and arrested Plaintiff Marco Reyes, a disabled veteran. After throwing Plaintiff to the ground, officers forced Plaintiff's arms behind his back beyond their range of motion, despite his pleas that he had a disability that prevented him from placing his hands in that position. Plaintiff suffered severe arm and shoulder injury as a result. The officers also beat Plaintiff until they fractured his ribs and caused other serious injuries throughout his body. Following the beating, the officers arrested Plaintiff and took him into custody, falsified documents about the nature of the encounter with him, and held him in custody until shortly before what would have been his arraignment. No charges were ever filed. This lawsuit follows.

## II. JURISDICTION AND VENUE.

2. This is a civil action where jurisdiction is founded on a federal question under 28 U.S.C. § 1331.

3. Plaintiff's claims arise in this judicial district where the events or omissions giving rise to this complaint occurred, namely the Otay Mesa Port of Entry, which is situated in the Southern District of California.

4. Venue is proper in the United States District Court for the Southern District of California under 28 U.S.C. § 1391.

5. Plaintiff filed timely administrative claims against the federal defendants under 28 U.S.C. §§ 1346, and 2671-2680 (the Federal Tort Claims Act), on or about September 4, 2019. The United States denied the claims on or about March 24, 2020.

### III. PARTIES.

6. Plaintiff Marco A. Reyes is and was, at all times relevant to this lawsuit, a resident of the State of California, County of San Diego, and a citizen of the United States. He was traveling into the United States through the Otay Mesa Port of Entry on August 2, 2018.

7. At all times relevant herein, Customs and Border Protection ("CBP") was a sub-agency of the Department of Homeland Security, which in turn is an agency of defendant United States of America.

8. Defendants Doe CBP Officers 1-30, at all times relevant herein, were officers and/or agents of the CBP. The true names of these officers are currently unknown. These defendants were on duty at the Otay Mesa Port of Entry on August 2, 2018 and participated in the unlawful beating and arrest of Plaintiff that gave rise to this Complaint. These defendants include, but are not limited to, the CBP officer that falsely accused Plaintiff of assaulting him, the officers that pushed Plaintiff to the ground and severely beat him, the officers that forced Plaintiff's hands behind his back and injured his arm, and the officers that took Plaintiff into custody. At all times relevant herein, these defendants were acting in an official capacity and under color of law.

### IV. FACTS SUPPORTING CAUSES OF ACTION.

9. On August 2, 2018, at approximately 4:00 p.m., Plaintiff was in his car in one of the vehicle lanes at the Otay Mesa Port of Entry, waiting to cross into the United States.

10. The Otay Mesa Port of Entry is located at 9777 Via De La Amistad, San Diego, CA 92154.

11. Due to an incident in a nearby vehicle lane, an unknown CBP officer asked Plaintiff to step out of his car.

12. Plaintiff is a veteran of the United States Armed Forces.

13. Plaintiff has significant hearing loss from his days of military service and did not hear the command.

14. The unknown CBP officer proceeded to knock on Plaintiff's driver's side window and vaguely told him to stand "over there."

15. Plaintiff immediately complied, stepping out of his car and standing behind his vehicle.

16. The unknown CBP officer began yelling profanities at Plaintiff, accusing him of not following directions.

17. Plaintiff replied that there was no reason to treat him disrespectfully and stated that he was following directions.

18. The unknown CBP officer continued to use profanities against Plaintiff.

19. While using these profanities, the unknown CBP officer approached Plaintiff and bumped into him with his chest.

20. Plaintiff had not said or done anything to warrant being touched by the officer.

21. As Plaintiff raised his hand to gesture the unknown CBP officer to stop bumping into him, the officer bumped Plaintiff's hand.

22. The unknown CBP officer immediately accused Plaintiff of assaulting him, despite knowing that Plaintiff had done no such thing and that the accusation was false.

23. On information and belief, the unknown CBP officer called for backup assistance at that point.

24. A group of unknown CBP officers soon arrived at the area where Plaintiff and the officer were located.

25. The officers immediately grabbed Plaintiff and pushed him to the ground.

26. While holding Plaintiff to the ground, the officers grabbed Plaintiff's arms and tried to force him to put his hands behind his back.

27. Plaintiff has a physical disability in his left hand, arm, and shoulder from a previous injury which limits the functioning of those joints, including the range of motion.

28. The disability substantially limits Plaintiff's use of that arm. Plaintiff cannot perform many manual tasks with the arm and has trouble reaching, bending, and moving the hand, arm, and shoulder.

29. Plaintiff informed the officers about his disability and explained that he could not move his hands behind his back due to the impairment.

30. The officers ignored Plaintiff's pleas and instead began to beat him as he lay defenseless on the ground.

31. Plaintiff had not said or done anything to warrant being beaten by the group of officers.

32. The officers severely beat Plaintiff until they managed to force his hands behind his back, causing a severe injury to his left arm and shoulder.

33. Plaintiff also suffered broken ribs and other serious injuries to his body from the officers' beating.

34. After beating Plaintiff and forcing his hands behind his back, the officers handcuffed him and took him into custody at the Port of Entry.

35. On information and belief, the incident between Plaintiff and Doe CBP officers was captured by video cameras at the Port of Entry.

36. After the incident, other federal law-enforcement officials responded to interview Plaintiff, and the involved CBP officials, about this use-of-force incident at the border.

37. As a regular part of an investigation of that kind, investigating federal law enforcement agents obtained and retained a copy of the video camera footage involving Plaintiff and CBP officials from the Port of Entry that day.

38. On information and belief, at least one of the officers who used force against Plaintiff made oral statements to investigating agents about the use-of-force incident involving Plaintiff.

39. On information and belief, some of the oral statements given to investigating agents by CBP officers were belied by the videotaped evidence and the accounts of other witnesses.

40. On information and belief, at least one of the officers who used force against Plaintiff also created written reports alleging that Plaintiff had committed a federal offense in assaulting or resisting CBP officers.

41. Any written report claiming that Plaintiff assaulted a CBP official or unlawfully resisted arrest is false, and constitutes falsification of evidence.

42. On information and belief, after Plaintiff was taken into custody, the United States Attorneys Office for the Southern District of California received a prosecution referral for Plaintiff, seeking to charge him with assault on a federal officer.

43. On information and belief, that prosecution referral included false statements about Plaintiff and his actions at the border.

44. Plaintiff was ultimately released from custody without explanation.

45. Plaintiff was not charged with assaulting an officer or any other crime.

46. Plaintiff's injuries, particularly to his left shoulder, have required and continue to require repeated medical attention and surgical intervention.

47. Plaintiff has been in constant pain and suffering since the beating, and his treatment remains ongoing at the Veteran's Administration.

## V. CAUSES OF ACTION.

### FIRST CAUSE OF ACTION:

### *Bivens* action: Excessive Force

### (Unknown CBP Officer Does 1-30)

48. Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

49. This cause of action is based upon *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

50. Plaintiff had a Fourth Amendment right to be free from unreasonable searches and seizures, including the use of excessive force.

51. Defendants violated that right by pushing Plaintiff to the ground, severely beating him, and forcing Plaintiff's hands behind his back beyond his range of motion, causing a severe injury to his arm and shoulder.

52. These defendants were not acting in good faith, were acting under color of law, and violated Plaintiff's Fourth Amendment rights.

53. These defendants are sued in their individual capacities for the purposes of this cause of action.

54. Defendants' actions were the legal, foreseeable, and proximate cause of Plaintiff's injuries, and caused damages to him in an amount to be proven at trial.

## SECOND CAUSE OF ACTION:

### *Bivens* action: Illegal Arrest

### (Unknown CBP Officer Does 1-30)

55. Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

56. This cause of action is based upon *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

57. Plaintiff had a Fourth Amendment right to be free from unreasonable searches and seizures, including unlawful arrests.

58. Defendants violated that right by detaining, arresting, and placing Plaintiff in custody, despite Plaintiff having done nothing illegal at any time and Defendants having no reasonable suspicion or probable cause that any crime had been committed.

59. These defendants were not acting in good faith, were acting under color of law, and violated Plaintiff's Fourth Amendment rights.

60. These defendants are sued in their individual capacities for the purposes of this cause of action.

61. Defendants' actions were the legal, foreseeable, and proximate cause of Plaintiff's injuries, and caused damages to him in an amount to be proven at trial.

## THIRD CAUSE OF ACTION:

### *Bivens* action: Falsification of Evidence

### (Unknown CBP Officer Does 1-30)

62. Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

63. This cause of action is based upon *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

64. Plaintiff had a Fifth Amendment right to Due Process, and to be free from the fabrication of evidence by officers acting under color of law.

65. Defendants violated that right by falsifying written reports about Plaintiff, by claiming that Plaintiff assaulted and/or resisted officers unlawfully, and making similar claims to federal law enforcement agents investigating this incident.

66. These defendants were not acting in good faith, were acting under color of law, and violated Plaintiff's Fourth Amendment rights.

67. These defendants are sued in their individual capacities for the purposes of this cause of action.

68. Defendants' actions were the legal, foreseeable, and proximate cause of Plaintiff's injuries, and caused damages to him in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION:

### Rehabilitation Act (29 U.S.C. § 701 et seq.)

### (United States of America)

69. Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

70. Plaintiff is an individual with a disability. Specifically, Plaintiff is disabled within the meaning of the Rehabilitation Act in his left hand, arm, and shoulder.

71. Plaintiff has a right under the Rehabilitation Act to be from discrimination by reason of his disability.

72. The CBP, as an agency of the United States, had a duty under the Rehabilitation Act to refrain from arresting Plaintiff for reasons related to his disability.

73. The CBP, as an agency of the United States, had a duty under the Rehabilitation Act provide Plaintiff a reasonable accommodation upon learning of Plaintiff's disability.

74. The CBP violated these duties by arresting Plaintiff for reasons related to his disability and forcing Plaintiff's hands behind his back despite knowing that Plaintiff could not perform that movement due to his disability.

75. Defendants could have relied on alternate or less severe means to restrain Plaintiff instead of violently forcing his hands behind his back and severely injuring his left arm and shoulder.

76. Defendants' actions caused Plaintiff greater injury and indignity during the process as compared to other arrestees.

77. Defendants' actions violated the Rehabilitation Act and foreseeably and proximately caused damages to Plaintiff in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION:
### FTCA: False Imprisonment
### (All defendants)

78. Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

79. Defendants intentionally deprived Plaintiff's freedom of movement by force, threats of force, menace, and duress.

80. Defendants arrested Plaintiff, or contributed to his arrest, in their official capacity and in the scope of their employment as CBP Officers of the United States of America.

81. Plaintiff was not allowed to leave for an appreciable time.

82. Plaintiff did not consent to be imprisoned.

83. Defendants' actions were a substantial factor in causing harm to Plaintiff, and he suffered damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION:
### FTCA: Assault
### (All defendants)

84. Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

85. Defendants created a reasonable apprehension in Plaintiff of immediate harmful or offensive contact. Specifically, Defendants bumped into Plaintiff, pushed him to the ground, severely beat him while he lay on the ground, and forced his arms beyond their range of movement.

86. Plaintiff reasonably believed that he was about to be touched by Defendants in a harmful or offensive manner.

87. Defendants acted without privilege or Plaintiff's consent.

88. Defendants acted in their official capacity and in the scope of their employment as CBP officers of the United States of America.

89. Defendants' actions were a substantial factor in causing harm to Plaintiff, and he suffered damages in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION:
### FTCA: Battery
### (All defendants)

90. Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

91. Defendants acted with an intent to cause harmful or offensive contact with the person of Plaintiff and the intended harmful or offensive contact did in fact occur. Specifically, Defendants bumped into Plaintiff, pushed him to the

ground, severely beat him while he lay on the ground, and forced his arms beyond their range of movement.

92. Defendants acted without privilege or Plaintiff's consent.

93. Defendants acted in their official capacity and in the scope of their employment as CBP officers of the United States of America.

94. Defendants' actions were a substantial factor in causing harm to Plaintiff, and he suffered damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION:

### FTCA: Negligence

### (All defendants)

95. Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

96. Defendants had a duty to use reasonable care in interacting with a citizen. Defendants had a duty to use reasonable care in performing an arrest, and only using such force as was required by the circumstances. Defendants had a duty to avoid needlessly and negligently harming Plaintiff during an arrest. Defendants had a duty to provide accurate and true information in reports about incidents at the Port of Entry.

97. Defendants breached all these duties by bumping into Plaintiff, pushing him to ground, forcing his arms beyond their range of movement, recklessly harming him, arresting him without reasonable suspicion or probable cause, and presenting false information in reports about the incident with Plaintiff.

98. Defendants acted in their official capacity and in the scope of their employment as CBP Officers of the United States of America.

99. Defendants' actions were a substantial factor in causing harm to Plaintiff, and he suffered damages in an amount to be proven at trial.

## NINTH CAUSE OF ACTION:

### FTCA: Bane Act (California Civil Code § 52.1)

**(All defendants)**

100. Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

101. Defendants, by their violent conduct, interfered by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion, with the exercise or enjoyment of Plaintiffs' rights as secured by the Fourth Amendment to the United States Constitution, the Fifth Amendment to the United States Constitution, and Article I, Section 13 of the California Constitution.

102. Defendants intended to deprive Plaintiff of his enjoyment of the rights and interests protected by the United States and California Constitutions.

103. Defendants acted in their official capacity and in the scope of their employment as CBP Officers of the United States of America.

104. Defendants' actions were a substantial factor in causing harm to Plaintiff, and he suffered damages in an amount to be proven at trial.

## TENTH CAUSE OF ACTION:

### FTCA: Intentional Infliction of Emotional Distress

**(All Defendants)**

105. Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

106. Defendants Unknown CBP Officer Does 1-30 engaged in extreme and outrageous conduct that transcended the bounds of human decency. Specifically, Defendants pushed Plaintiff to ground, severely beat him, injured his his arm and shoulder after forcing them beyond their range of motion, and arrested him without reasonable suspicion or probable cause.

107. Defendants intended to cause, and did cause, Plaintiff to experience severe physical injury and emotional distress and each acted with a reckless disregard of the probability that Plaintiff would suffer injuries.

108. Defendants acted in their official capacity and in the scope of their employment as CBP Officers of the United States of America.

109. Plaintiffs suffered severe distress, and Defendants' conduct was a substantial factor in causing Plaintiff's severe distress.

110. As a result, Plaintiff suffered damages in an amount to be proven at trial.

## PUNITIVE DAMAGES:
### (Unknown CBP Officer Does 1-30)

111. Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

112. In pushing Plaintiff to the ground, severely beating him, forcing Plaintiff's hands behind his back beyond his range of motion, which caused a severe injury to his arm and shoulder, arresting him without reasonable suspicion or probable cause, and falsifying evidence against him, Defendants Unknown CBP Officer Does 1-30 acted with malice and oppression and with a willful and conscious disregard of Plaintiff's rights and safety.

113. Defendants' conduct was despicable and subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights.

114. Defendants' despicable conduct resulted in excruciating pain, suffering, distress, emotional distress, and humiliation to Plaintiff, in violation of his constitutional rights. Defendants are liable for punitive damages accordingly.

## VI. RELIEF REQUESTED.

115. For general damages and compensatory damages in an amount according to proof;

116. For punitive damages against the individual defendants;

117. Civil penalties as provided by law;

118. Monetary damages as provided by law;

119. Attorneys' fees under the Rehabilitation Act (29 U.S.C. § 701 et seq.) and Cal. Civ. Code § 52.1;

120. Legal interest on all damages awards from the date of judicial demand until paid;

121. Costs of suit;

122. And for such other and further relief as the Court may deem proper.

## VII. JURY DEMAND.

Plaintiff hereby respectfully demands that a trial by jury be conducted with respect to all non-FTCA issues presented herein.

Respectfully submitted,

SCOTT TRIAL LAWYERS, APC

Dated: September 8, 2020

*/s/ Timothy A. Scott*
*/s/ Nicolas O. Jimenez*
TIMOTHY A. SCOTT
NICOLAS O. JIMENEZ
Attorneys for Plaintiff