UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. REYES,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; DOE CBP OFFICERS 1-30, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-01752-WQH-LL<br><br>**ORDER** |

HAYES, Judge:

　　The matter pending before the Court is the Motion to Dismiss filed by Defendant United States of America. (ECF No. 4).

**I.　PROCEDURAL BACKGROUND**

　　On September 8, 2020, Plaintiff Marco A. Reyes initiated this action by filing a Complaint against Defendants United States of America ("United States") and DOE Customs and Border Protection ("CBP") officers. (ECF No. 1). Plaintiff alleges that CBP "[o]fficers at the Otay Mesa Port of Entry severely beat, injured, and arrested Plaintiff . . . ." *Id*. at 2. Plaintiff brings the following nine causes of action: (1) Bivens action for

excessive force against Defendants DOE CBP officers; (2) Bivens action for illegal arrest against Defendants DOE CBP officers; (3) Bivens action for falsification of evidence against Defendants DOE CBP officers; (4) violation of the Rehabilitation Act (29 U.S.C. § 701 et seq.) against Defendant United States; (5) violation of the Federal Tort Claims Act ("FTCA") for false imprisonment against all Defendants; (6) violation of the FTCA for assault against all Defendants; (7) violation of the FTCA for battery against all Defendants; (8) violation of the FTCA for negligence against all Defendants; (9) violation of the Bane Act (California Civil Code § 52.1) against all Defendants; and (10) violation of the FTCA for intentional infliction of emotional distress against all Defendants. *See id*. at 7-14. Plaintiff seeks general, compensatory, and punitive damages; civil penalties; attorneys' fees and costs; legal interest; and "[a]nd for such other and further relief as the Court may deem proper." *Id*. at 15.

On November 5, 2020, Defendant United States filed a Motion to Dismiss some of Plaintiff's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4). Defendant United States moves to dismiss Plaintiff's ninth claim in its entirety for lack of subject matter jurisdiction and failure to state a claim; Plaintiff's fourth claim in its entirety for failure to state a claim; and Plaintiff's fifth, sixth, seventh, eighth, and tenth claims as to Defendants DOE CBP officers for failure to state a claim. *See id*. On November 30, 2020, Plaintiff filed a Response in opposition. (ECF No. 6). On December 7, 2020, Defendant United States filed a Reply. (ECF No. 7).

## II. ALLEGATIONS OF THE COMPLAINT

"On August 2, 2018, at approximately 4:00 p.m., Plaintiff was in his car in one of the vehicle lanes at the Otay Mesa Port of Entry, waiting to cross into the United States."[1]

---

[1] The Supreme Court has held that "the FTCA bars '[a]ny claim arising in a foreign country'" and "that the FTCA does not permit claims for torts committed abroad . . . ." *Hernandez v. Mesa*, 140 S. Ct. 735, 748 & n.10 (2020) (first alteration in original) (citing 28 U.S.C. § 2680).

(ECF No. 1 at 3). "Due to an incident in a nearby vehicle lane, an unknown CBP officer asked Plaintiff to step out of his car." *Id*. "Plaintiff has significant hearing loss from his days of military service and did not hear the command." *Id*. at 4. "The unknown CBP officer proceeded to knock on Plaintiff's driver's side window and vaguely told him to stand "over there." *Id*. "Plaintiff immediately complied, stepping out of his car and standing behind his vehicle." *Id*.

"The unknown CBP officer began yelling profanities at Plaintiff, accusing him of not following directions." *Id*. "Plaintiff replied that there was no reason to treat him disrespectfully and stated that he was following directions." *Id*. "The unknown CBP officer continued to use profanities against Plaintiff." *Id*. "While using these profanities, the unknown CBP officer approached Plaintiff and bumped into him with his chest." *Id*. "As Plaintiff raised his hand to gesture the unknown CBP officer to stop bumping into him, the officer bumped Plaintiff's hand." *Id*. "The unknown CBP officer immediately accused Plaintiff of assaulting him" and "called for backup assistance at that point." *Id*.

"A group of unknown CBP officers soon arrived at the area where Plaintiff and the officer were located." *Id*. "The officers immediately grabbed Plaintiff and pushed him to the ground." *Id*. at 5. "While holding Plaintiff to the ground, the officers grabbed Plaintiff's arms and tried to force him to put his hands behind his back." *Id*. "Plaintiff informed the officers about his disability and explained that he could not move his hands behind his back due to the impairment." *Id*. "The officers ignored Plaintiff's pleas and instead began to beat him as he lay defenseless on the ground." *Id*. "The officers severely beat Plaintiff until they managed to force his hands behind his back, causing a severe injury to his left arm and shoulder." *Id*. "Plaintiff also suffered broken ribs and other serious injuries to his body from the officers' beating." *Id*. "After beating Plaintiff and forcing his hands behind his back, the officers handcuffed him and took him into custody at the Port of Entry." *Id*.

"After the incident, other federal law-enforcement officials responded to interview Plaintiff, and the involved CBP officials, about this use-of-force incident at the border."

*Id*. at 6. "[A]fter Plaintiff was taken into custody, the United States Attorney's Office for the Southern District of California received a prosecution referral for Plaintiff, seeking to charge him with assault on a federal officer." "Plaintiff was ultimately released from custody without explanation" and "was not charged with assaulting an officer or any other crime." *Id*. "Plaintiff's injuries, particularly to his left shoulder, have required and continue to require repeated medical attention and surgical intervention" and "Plaintiff has been in constant pain and suffering since the beating, and his treatment remains ongoing at the Veteran's Administration." *Id*. at 7.

## III.  STANDARDS OF REVIEW

### a.  Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for "lack of subject-matter jurisdiction . . . ." Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

"A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack on subject matter jurisdiction, the court assumes the factual allegations of the

complaint to be true and draws all reasonable inferences in favor of the plaintiff. *See Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

In a federal court, subject matter jurisdiction may arise from either federal question jurisdiction or diversity jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. §§ 1331-32. To invoke federal question jurisdiction, the complaint must allege that the "action[] aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Caterpillar*, 482 U.S. at 392).

### b. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001)).

"[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). When considering a motion to dismiss, a

court must accept as true all "well-pleaded factual allegations . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*, 266 F.3d at 988. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## IV. DISCUSSION

### a. Violation of the Bane Act (California Civil Code § 52.1) Against All Defendants (claim 9)

Defendant United States contends that the Court lacks subject matter jurisdiction over Plaintiff's Bane Act claim because the United States has not waived sovereign immunity to the extent the claim is based on an alleged violation of the United States Constitution. Defendant United States contends that Plaintiff's Bane Act claim fails to allege that Defendants DOE CBP officers used threats, coercion, or intimidation to interfere with a constitutionally protected right and that those threats caused Plaintiff to reasonably believe that the exercise of a federal right would result in violence against Plaintiff. Defendant United States contends that Plaintiff's Complaint makes conclusory statements about the Defendants DOE CBP officers' alleged conduct without factual support to demonstrate that their actions were "deliberate or spiteful" or an "egregious interference" with Plaintiff's constitutional rights.

Plaintiff contends that the source of substantive liability pursuant to the Bane Act is California law. Plaintiff contends that California law provides that private individuals may be liable for tortious interference with constitutional rights. Plaintiff contends that his claims for tortious interference with federal constitutional rights are not constitutional torts subject to sovereign immunity and are distinct torts governed by California statute that are related to federal constitutional rights. Plaintiff contends that his Bane Act claim sufficiently alleges a claim for tortious interference with his rights because Plaintiff alleges

that Defendants DOE CBP officers committed acts out of spite, doubled down on Plaintiff's wrongful arrest, and intentionally deprived Plaintiff of his freedom of movement by force, threats of force, menace, and duress.

The Bane Act "was adopted to stem a tide of hate crimes" but is not "limited to such crimes . . . ." *Venegas v. Cty. of Los Angeles*, 32 Cal. 4th 820, 843 (2004). The Bane Act creates a cause of action "[i]f a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of" California. Cal. Civ. Code § 52.1(b). "Civil Code section 52.1 does not extend to all ordinary tort actions because its provisions are limited to threats, intimidation, or coercion that interferes with a constitutional or statutory right." *Venegas*, 32 Cal. 4th at 843.

In *Xue Lu*, asylum applicants filed an FTCA lawsuit against the United States and a federal immigration officer. *See Xue Lu v. Powell*, 621 F.3d 944, 945-47 (9th Cir. 2010). The Court of Appeals found that "[i]n order for the United States to be vicariously liable for Powell's actions, Powell must have intentionally inflicted emotional distress on Lu or deprived her of rights secured by the Constitution or the laws of the United States while acting within the scope of his office or employment as an asylum officer under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* at 952 (footnote omitted) (citation omitted). "The majority h[e]ld[] that the United States, if it were a California employer, would be liable for Powell's actions." *Id.*

However, in *Lewis v. Mossbrooks*, 788 F. App'x 455 (9th Cir. 2019), the Court of Appeals clarified that "[a]lthough *Xue Lu* . . . concluded that the FTCA allows Bane Act claims predicated on a violation of a federal statute, it did not suggest that the FTCA waiver extends to Bane Act claims deriving from constitutional violations." *Id.* at 460 (citations omitted). The Court of Appeals stated that "[t]he FTCA waives sovereign immunity only

where the United States, if a private person, would be liable . . . in accordance with the law of the place where the act or omission occurred" and that "[b]ased on the terms of that waiver, *F.D.I.C. v. Meyer*, 510 U.S. 471 . . . (1994) established that the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." *Lewis*, 788 F. App'x at 460 (second alteration in original). The Court of Appeals concluded that "[t]he district court lacked subject matter jurisdiction over Lewis' Bane Act claim" because "Lewis' Bane Act claim imports a constitutional violation—the use of excessive force— that could not otherwise be the basis for a claim against a private person." *Id.*

In this case, the Complaint alleges, in relevant part,

> Defendants, by their violent conduct, interfered by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion, with the exercise or enjoyment of Plaintiffs' rights as secured by the Fourth Amendment to the United States Constitution, the Fifth Amendment to the United States Constitution, and Article I, Section 13 of the California Constitution.
>
> Defendants intended to deprive Plaintiff of his enjoyment of the rights and interests protected by the United States and California Constitutions.

(ECF No. 1 at 13).

Plaintiff cannot maintain a Bane Act claim pursuant to the FTCA that is premised on federal constitutional violations. *See Meyer*, 510 U.S. at 477 (holding that constitutional tort claims are "not actionable under § 1346(b)" because "§ 1346(b) does not provide a cause of action for such a claim"); *Lewis*, 788 Fed. Appx. at 460 (affirming the dismissal a Bane Act claim because there is no indication that the "FTCA waiver extends to Bane Act claims deriving from constitutional violations"); *see e.g.*, *Peralta v. United States*, No. CV 19-08912-CJC(MRWx), 2020 WL 5769079, at *7 (C.D. Cal. July 28, 2020) ("The Government is correct—and Plaintiff appears to concede—that Plaintiff cannot maintain a Bane Act claim under the FTCA if it is solely premised on federal constitutional violations."); *Plascencia v. United States*, No. EDCV 17-02515 JGB (SPx), 2018 WL 6133713, at *13 (C.D. Cal. May 25, 2018) ("Plaintiff cannot predicate a Bane Act claim

against the United States on solely a constitutional violation because the United States has immunity and has not waived its immunity pursuant to the FTCA."). The Court concludes that there is no subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) over Plaintiff's Bane Act claim to the extent that the claim is premised on interferences with Plaintiff's federal constitutional rights. Plaintiff's ninth claim is dismissed with prejudice and without leave to amend to the extent that it is premised on violations of Plaintiff's federal constitutional rights. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that if a Rule 12(b)(6) motion is granted, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."); *see e.g.*, *Peralta*, 2020 WL 5769079, at *7 (citing *Lopez*, 203 F.3d at 1127) (same).

A plaintiff alleging a negligent violation of constitutional rights must allege "coercion independent from the coercion inherent in the Fourth Amendment violation itself." *Sandoval v. Cty. of Sonoma*, 912 F.3d 509, 519 (9th Cir. 2018) (The "independent coercion rule only applies when the plaintiff shows that the defendant negligently violated the plaintiff's constitutional rights . . . ."). However, a plaintiff relying on "the coercion inherent in a Fourth Amendment violation", must allege that "the coercion occurred with specific intent to violate the [plaintiff]'s right to freedom from unreasonable seizure." *Id.* at 519-20. In this case, "[t]here are two distinct elements for a section 52.1 cause of action. [The] plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015), *as modified on denial of reh'g* (Mar. 6, 2015). The word interferes as used in section 52.1 means violates. *See e.g.*, *Barsamian v. City of Kingsburg*, 597 F. Supp. 2d 1054, 1064 (E.D. Cal. 2009) (same). "Under California law, public entities are liable for actions of their employees within the scope of employment, but public entities are immune from liability to the extent their employees are immune from liability." *Gant v. Cty. of Los*

*Angeles*, 772 F.3d 608, 623 (9th Cir. 2014) (citations omitted) (citing Cal. Gov't Code § 815.2).

The Court of Appeals has stated that "[t]he FTCA incorporates the law of the state in which the tort is alleged to have occurred, in this case California . . . ." *Xue Lu*, 621 F.3d at 945-46. Article I, Section 13 of the California Constitution states, in relevant part, "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable seizures and searches may not be violated . . . ." Cal. Const. art. I, § 13. California courts have treated section 13 as "substantially equivalent" to the Supreme Court's construction of the Fourth Amendment. *See Blair v. Pitchess*, 5 Cal. 3d 258, 270 n.6 (1971) ("[S]ection[] . . . 13 of article I of the California Constitution [is] substantially equivalent to the Fourth Amendment . . . .").

The Court of Appeals has found that a plaintiff can maintain a Bane Act claim pursuant to the FTCA as long as it is not solely premised on federal constitutional violations. *See e.g.*, *Xue Lu*, 621 F.3d at 950 (finding that Plaintiff had adequately stated a Bane Act claim in an FTCA action premised on the interference with their right to asylum). A plaintiff can maintain a Bane Act claim pursuant to the FTCA that is premised on state constitutional and statutory violations. *See e.g.*, *Plascencia*, 2018 WL 6133713, at *13-14 (finding that Plaintiff adequately stated a Bane Act claim in an FTCA action premised on violations of Article 1 Sections 3 and 7 of the California Constitution); *Anonymous v. United States*, No. 16-cv-0725 W (BLM), 2017 WL 1479233, at *4 (S.D. Cal. Apr. 25, 2017) ("These cases not only support a finding that the FTCA constitutes a sovereign immunity waiver for Bane Act claims, but also that the FTCA encompasses state-statutory violations."). In this case, the Bane Act claim pursuant to the FTCA is premised on a violation of Article I, Section 13 of the California Constitution.

Where a claim arises from an unlawful arrest, "the egregiousness required by Section 52.1 is tested by whether the circumstances indicate the arresting officer had a specific intent to violate the arrestee's right to freedom from unreasonable seizure, not by whether the evidence shows something beyond the coercion inherent in the wrongful detention."

*Cornell v. City & Cty. of San Francisco*, 17 Cal. App. 5th 766, 801-02 (2017), *as modified* (Nov. 17, 2017). The specific intent element is met when (1) "the . . . right at issue [is] clearly delineated and plainly applicable under the circumstances of the case" and (2) "the defendant commit[ted] the act in question with the particular purpose of depriving the citizen victim of his enjoyment of the interests protected by that . . . right[.]" *Id*. at 803 (first and fourth alterations in original). "If both requirements are met, even if the defendant did not in fact recognize the [unlawfulness] of his act, he will be adjudged as a matter of law to have acted [with the requisite specific intent]—*i.e.,* in reckless disregard of constitutional [or statutory] prohibitions or guarantees." *Id*. (alterations in original).

In this case, Plaintiff fails to plead the actions of each Defendant individually pursuant to the Bane Act. Plaintiff groups all Defendants together in alleging that his rights pursuant to Civil Code section 52.1 and Article I, Section 13 of the California Constitution were violated. However, group pleading does not provide Defendants fair notice of the claims against them because "the egregiousness required by Section 52.1 is tested by whether the circumstances indicate the arresting officer had a specific intent to violate the arrestee's right to freedom from unreasonable seizure . . . ." *Cornell*, 17 Cal. App. 5th at 801-02. The Court concludes that Plaintiff fails to state a Bane Act claim pursuant to Federal Rule of Civil Procedure 12(b)(6) to the extent that the claim is premised on an interference with Plaintiff's rights pursuant to Article I, Section 13 of the California Constitution. Plaintiff's ninth claim is dismissed without prejudice and with leave to amend to the extent that it is premised on a violation of Plaintiff's California constitutional rights. *See e.g.*, *Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1019 (S.D. Cal. 2018) (citations omitted) ("[F]ailure to plead the actions of each Defendant individually . . . does not provide Defendants fair notice of the claims against them.); *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) (collecting cases in which "th[e] confusion of which claims apply to which defendants would require that the complaint be dismissed with leave to file an amended complaint.").

### b. Violation of the Rehabilitation Act (29 U.S.C. § 701 et seq.) Against Defendant United States (claim 4)

Defendant United States contends that Plaintiff fails to allege that he is disabled within the meaning of the Rehabilitation Act. Defendant United States contends that Plaintiff fails to allege that he is a qualified individual with a disability; that he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and that such exclusion, denial of benefits, or discrimination was by reason of his disability. Defendant United States contends that Plaintiff fails to allege that his ailments substantially limit a major life activity, that he has a record of such impairment, or that anyone regarded him as having an impairment at the time of the alleged incident. Defendant United States contends that Plaintiff fails to allege that his known disability was a motivating factor in the non-accommodation of his arrest. Defendant United States asserts that Plaintiff alleges that his arrest was motivated by Defendants DOE CBP officers' belief that Plaintiff was not following directions and that Plaintiff had assaulted an officer. Plaintiff contends that the Complaint sufficiently alleges that Plaintiff is disabled because Plaintiff alleges that he is impaired in the performance of manual tasks. Plaintiff contends that the Complaint sufficiently provides Defendants with notice of a plausible disability.

Section 504 of the Rehabilitation Act states that "[n]o otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a). "[T]o state a claim under the Rehabilitation Act, a plaintiff must allege (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007).

Courts "examine cases construing claims under the [Americans with Disabilities Act] [("]ADA["])], as well as section 504 of the Rehabilitation Act, because there is no significant difference in the analysis of rights and obligations created by the two Acts." *Vinson v. Thomas*, 288 F.3d 1145, 1152 n.7 (9th Cir. 2002). The ADA defines the term "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual . . . ." 42 U.S.C. § 12102(1)(A). The ADA defines "life activities" as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). A plaintiff may establish he was discriminated against "by reason of" his disability pursuant to the ADA by establishing his disability was a "motivating factor" in the official's decision to exclude the plaintiff from a service or program. *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1021-22 (9th Cir. 2010).

The ADA "applies to arrests" because the ADA "applies broadly to police services, programs, or activities." *Sheehan v. City & Cty. of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014), *rev'd in part, cert. dismissed in part sub nom. City & Cty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600 (2015). "Courts have recognized at least two types of [ADA] claims applicable to arrests: (1) wrongful arrest, where police wrongly arrest someone with a disability because they misperceive the effects of that disability as criminal activity; and (2) reasonable accommodation, where, although police properly investigate and arrest a person with a disability for a crime unrelated to that disability, they fail to reasonably accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees." *Id*.

In this case, the Complaint alleges that the unknown CBP officers "grabbed Plaintiff and pushed him to the ground" and "grabbed Plaintiff's arms and tried to force him to put his hands behind his back." (ECF No. 1 at 5). The Complaint alleges that "Plaintiff informed the officers about his disability and explained that he could not move his hands

behind his back due to the impairment" but that the unknown CBP officers "ignored Plaintiff's pleas and instead began to beat him as he lay defenseless on the ground." *Id*. The Complaint alleges that the unknown CBP officers "severely beat Plaintiff until they managed to force his hands behind his back, causing a severe injury to his left arm and shoulder." *Id*. The Complaint alleges that "Plaintiff has a physical disability in his left hand, arm, and shoulder from a previous injury which limits the functioning of those joints, including the range of motion." *Id*. The Complaint alleges that "[t]he disability substantially limits Plaintiff's use of that arm" because "Plaintiff cannot perform many manual tasks with the arm and has trouble reaching, bending, and moving the hand, arm, and shoulder." *Id*.

Plaintiff fails to allege sufficient facts to demonstrate that the conduct of Defendants DOE CBP officers was influenced "solely by reason of [Plaintiff's] disability . . . ." 29 U.S.C. § 794(a). The Court concludes that Plaintiff fails to state a Rehabilitation Act claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's fourth claim is dismissed without prejudice and with leave to amend. *See e.g.*, *Thomas v. Sacramento Cty.*, No. 2:15-cv-01952-TLN-EFB, 2017 WL 550052, at *5 (E.D. Cal. Feb. 10, 2017) (dismissing plaintiff's Rehabilitation Act claim because there was no proof that the arrest procedure was influenced solely by reason of Plaintiff's disability).

### c. Violations of the FTCA Against Defendants DOE CBP Officers (claims 5-8, 10)

Defendant United States contends that the United States is the only proper defendant for claims pursuant to the FTCA. Defendant United States contends that when an FTCA claim is brought against the United States and additional defendants, the additional defendants should be dismissed with prejudice even if they are unnamed defendants. Defendant United States contends that Plaintiff improperly names unknown CBP Officers as defendants to his FTCA claims and that the unknown CBP Officers must be dismissed from those causes of action. Plaintiff states that "Defendant [United States] is correct that FTCA claims can only be brought against the United States. The FTCA claims against 'all

defendants' in the Complaint was a scrivener's error. The Court should dismiss the FTCA claims against the Doe defendants." (ECF No. 6 at 14).

Courts will grant a motion to dismiss when the non-moving party files a notice of non-opposition. *See* CivLR 7.1(f)(3)(a); *see e.g.*, *Palomares v. Bear Stearns Residential Mortg. Corp.*, No. 07cv01899 WQH (BLM), 2008 WL 686683, at *3 (S.D. Cal. Mar. 13, 2008) (same). The Court will grant Defendant United States' Motion to Dismiss Plaintiff's fifth, sixth, seventh, eighth, and tenth causes of action for violations of the FTCA as to Defendants DOE CBP officers because Plaintiff has made a clear statement of non-opposition to dismissal of these claims as to Defendants DOE CBP officers. *See* ECF No. 6 at 14; *see e.g.*, *Palomares*, 2008 WL 686683, at *3 ("The Court will grant the Motion to Dismiss the causes of action against Bear Stearns for violation of California Civil Code sections 1920 and 1921, concealment, negligent misrepresentation, negligence and breach of the implied covenant of good faith and fair dealing because Plaintiffs have made a clear statement of non-opposition to dismissal of these claims.").

## V. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant United States of America (ECF No. 4) is GRANTED.

Dated: February 16, 2021

Hon. William Q. Hayes
United States District Court