UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. REYES, individually,<br><br>                          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; and DOE CBP OFFICERS 1-30, individually and in their official capacities, inclusive,<br><br>                          Defendants. | Case No.: 20-cv-1752-WQH-LL<br><br>**ORDER** |

HAYES, Judge:

   The matter before the Court is the Motion for Leave to File Second Amended Complaint filed by Plaintiff Marco A. Reyes. (ECF No. 22).

**I.   BACKGROUND**

   On September 8, 2020, Plaintiff Reyes initiated this action by filing a Complaint against Defendants United States of America and DOE Customs and Border Protection (CBP) officers. (ECF No. 1). Plaintiff filed an Amended Complaint on April 26, 2021. (ECF No. 14). The Amended Complaint alleges that "[w]ithout reason or justification, U.S. Customs and Border Protection Officers at the Otay Mesa Port of Entry severely beat, injured, and arrested Plaintiff . . . ." *Id.* at ¶ 1. Plaintiff brings the following ten causes of action: (1) Bivens action for excessive force against Defendants DOE CBP officers; (2) Bivens action for illegal arrest against Defendants DOE CBP officers; (3) Bivens action

for falsification of evidence against Defendants DOE CBP officers; (4) violation of the Rehabilitation Act (29 U.S.C. § 701 et seq.) against Defendant United States of America; (5) violation of the Federal Tort Claims Act ("FTCA") for false imprisonment against Defendant United States of America; (6) violation of the FTCA for assault against Defendant United States of America; (7) violation of the FTCA for battery against Defendant United States of America; (8) violation of the FTCA for negligence against Defendant United States of America; (9) violation of the Bane Act (California Civil Code § 52.1) against Defendant United States of America; and (10) violation of the FTCA for intentional infliction of emotional distress against Defendant United States of America. (ECF No. 14). On May 10, 2021, Defendants filed an Answer to the Amended Complaint. (ECF No. 15).

On August 13, 2021, Plaintiff filed a Motion for Leave to File Second Amended Complaint. (ECF No. 22). Plaintiff seeks to amend the Amended Complaint to substitute the names of previously unidentified Defendants. (ECF No. 22 Ex. A). Defendants have not filed any opposition to Plaintiff's motion.

## II.   LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight."

*Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

### III.  DISCUSSION

The proposed amendments substitutes the names of previously unidentified Defendants. Plaintiff could not have reasonably known this information until Defendants responded to Plaintiff's discovery requests, after Defendants filed an Answer on May 10, 2021. Allowing amendment will not cause undue delay. The fact that Plaintiff could not have reasonably known the relevant information prior to discovery demonstrates that Plaintiff is acting in good faith and that Plaintiff's previous amendment could not have cured the deficiencies at issue. Defendants have not filed any opposition to Plaintiff's Motion. The *Foman* factors weigh in favor of granting Plaintiff leave to amend.

### IV.  CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to File Second Amended Complaint (ECF No. 22) is granted. Plaintiff shall file the proposed second amended complaint attached as Exhibit A to the Motion within five (5) days of the date of this Order.

Dated: September 28, 2021

Hon. William Q. Hayes
United States District Court