**TIMOTHY A. SCOTT**, SBN 215074
**NICOLAS O. JIMENEZ**, SBN 295057
**MARCUS S. BOURASSA**, SBN 316125
SINGLETON SCHREIBER
MCKENZIE & SCOTT LLP
1350 Columbia St., Suite 600
San Diego, California 92101
Phone Number: (619) 794-0451
Fax Number: (619) 652-9964
Email: tscott@ssmsjustice.com
         njimenez@ssmsjustice.com
         mbourassa@ssmsjustice.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. REYES,<br><br>             Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA;<br>CBP OFFICERS WILLIAM WALKER,<br>JACQUE ALLEN, DAVID NASSER,<br>AND DOE CBP OFFICERS 4-30,<br>INDIVIDUALLY AND IN THEIR<br>OFFICIAL CAPACITIES, inclusive,<br><br>             Defendants. | Civil No. 20-cv-1752-WQH<br><br>**SECOND AMENDED COMPLAINT**<br>**FOR:**<br>   1. **Bivens: Excessive Force;**<br>   2. **Bivens: Illegal Arrest;**<br>   3. **Bivens: Falsification of Evidence;**<br>   4. **Violations of Rehabilitation Act;**<br>   5. **FTCA: False Imprisonment;**<br>   6. **FTCA: Assault;**<br>   7. **FTCA: Battery;**<br>   8. **FTCA: Negligence;**<br>   9. **FTCA: Bane Act;**<br>   10. **FTCA: Intentional Infliction of Emotional Distress.**<br><br>**DEMAND FOR JURY TRIAL ON NON-FTCA CLAIMS** |

## I.      INTRODUCTION.

1.        Without reason or justification, U.S. Customs and Border Protection Officers at the Otay Mesa Port of Entry severely beat, injured, and arrested Plaintiff Marco Reyes, a disabled veteran. After throwing Plaintiff to the ground, officers forced Plaintiff's arms behind his back beyond their range of motion, despite his pleas that he had a disability that prevented him from placing his hands in that position. Plaintiff suffered severe arm and shoulder injury as a result. The officers also beat Plaintiff until they fractured his ribs and caused other serious injuries throughout his body. Following the beating, the officers arrested Plaintiff and took him into custody, falsified documents about the nature of the encounter with him, and held him in custody until shortly before what would have been his arraignment.  No charges were ever filed. This lawsuit follows.

## II.      JURISDICTION AND VENUE.

2.        This is a civil action where jurisdiction is founded on a federal question under 28 U.S.C. § 1331.

3.        Plaintiff's claims arise in this judicial district where the events or omissions giving rise to this complaint occurred, namely the Otay Mesa Port of Entry, which is situated in the Southern District of California.

4.        Venue is proper in the United States District Court for the Southern District of California under 28 U.S.C. § 1391.

5.        Plaintiff filed timely administrative claims against the federal defendants under 28 U.S.C. §§ 1346, and 2671-2680 (the Federal Tort Claims Act), on or about September 4, 2019. The United States denied the claims on or about March 24, 2020.

SECOND AMENDED COMPLAINT

## III.   PARTIES.

6.      Plaintiff Marco A. Reyes is and was, at all times relevant to this lawsuit, a resident of the State of California, County of San Diego, and a citizen of the United States. He was traveling into the United States through the Otay Mesa Port of Entry on August 2, 2018.

7.      At all times relevant herein, Customs and Border Protection ("CBP") was a sub-agency of the Department of Homeland Security, which in turn is an agency of defendant United States of America.

8.      Defendants William Walker, Jacque Allen, David Nasser, and Doe CBP Officers 4-30, at all times relevant herein, were officers and/or agents of the CBP. The true names of Doe CBP Officers 4-30 are currently unknown. These defendants were on duty at the Otay Mesa Port of Entry on August 2, 2018 and participated in the unlawful beating and arrest of Plaintiff that gave rise to this Complaint. These defendants include, but are not limited to, the CBP officer that falsely accused Plaintiff of assaulting him, the officers that pushed Plaintiff to the ground and severely beat him, the officers that forced Plaintiff's hands behind his back and injured his arm, and the officers that took Plaintiff into custody. At all times relevant herein, these defendants were acting in an official capacity and under color of law.

## IV.   FACTS SUPPORTING CAUSES OF ACTION.

9.      On August 2, 2018, at approximately 4:00 p.m., Plaintiff was in his car in one of the vehicle lanes at the Otay Mesa Port of Entry, waiting to cross into the United States.

10.     The Otay Mesa Port of Entry is located at 9777 Via De La Amistad, San Diego, CA 92154.

3

11.     Due to an incident in a nearby vehicle lane, Defendant CBP officer Jacque Allen asked Plaintiff to step out of his car.

12.     Plaintiff is a veteran of the United States Armed Forces.

13.     Plaintiff has significant hearing loss from his days of military service and did not hear the command.

14.     As a result of significant hearing loss, plaintiff experiences tinnitus.

15.     Plaintiff's tinnitus and hearing loss substantially limits his ability to hear speech, especially in environments with other ambient noises.

16.     As a result of his hearing loss, plaintiff did not hear Jacque Allen's initial instructions to step out of his car.

17.     Agitated, Jacque Allen proceeded to knock on Plaintiff's driver's side window and vaguely told him to stand "over there."

18.     Plaintiff immediately complied, stepping out of his car and standing behind his vehicle.

19.     Jacque Allen continued to agitatedly command plaintiff to move elsewhere and plaintiff complied as best he could.

20.     Defendant CBP officer William Walker approached and began yelling profanities at Plaintiff, accusing him of not following directions.

21.     Plaintiff replied that there was no reason to treat him disrespectfully and stated that he was following directions.

22.     Insofar as Jacque Allen and William Walker escalated the encounter and/or resolved to arrest Plaintiff for disobedience of commands, it was because they misperceived the effects of Plaintiff's hearing loss as willful disobedience.

23.     William Walker continued to use profanities against Plaintiff while Jacque Allen observed and listened.

SECOND AMENDED COMPLAINT

24.     William Walker approached Plaintiff and aggressively bumped into Plaintiff with his chest while continuing to yell profanities at Plaintiff.

25.     Plaintiff had not said or done anything to warrant being touched by the officer.

26.     Believing William Walker intended to hit him, plaintiff attempted to deescalate and informed William Walker that he had a bad shoulder.

27.     Plaintiff has a physical disability in his left hand, arm, and shoulder from a previous injury which limits the functioning of those joints, including the range of motion.

28.     The disability substantially limits Plaintiff's use of that arm. Plaintiff cannot perform many manual tasks with the arm and has trouble reaching, bending, and moving the hand, arm, and shoulder.

29.     As Plaintiff raised his hand to gesture William Walker to stop bumping into him, William Walker bumped Plaintiff's hand.

30.     William Walker immediately accused Plaintiff of assaulting him, despite knowing that Plaintiff had done no such thing and that the accusation was false.

31.     William Walker falsely accused Plaintiff of assault because he intended to unjustly use violence against Plaintiff, falsely arrest plaintiff, and incite other CBP officers to assist him in doing so.

32.     On information and belief, Jacque Allen or William Walker called for backup.

33.     David Nasser and a group of unknown CBP officers ("Does 4-30") soon arrived at the area where Plaintiff and William Walker were located.

34.     Jacque Allen, David Nasser and Does 4 through 30 observed and heard William Walker falsely accuse Plaintiff of assault.

5

35.     William Walker, Jacque Allen, David Nasser, and Does 4 through 30 all understood that William Walker was the aggressor and that Plaintiff had done nothing to warrant being beaten or arrested.

36.     On information and belief, William Walker, Jacque Allen, David Nasser, and Does 4 through 30 understood that William Walker had falsely accused Plaintiff of assault.

37.     After falsely accusing Plaintiff of assaulting him, William Walker tackled plaintiff to the ground.

38.     An uncertain number of the gathered CBP officers, Jacque Allen, David Nasser, and Does 4 through 30, joined William Walker in physically grabbing Plaintiff, kneeing him, and putting weight on top of him during the melee.

39.     Plaintiff informed William Walker, Jacque Allen, David Nasser, and Does 4 through 30 again about his shoulder disability and explained that he could not move his hands behind his back due to the impairment.

40.     Ignoring Plaintiff's pleas, William Walker repeatedly wrenched Plaintiff's bad arm behind his back towards his head.

41.     Plaintiff's disability motivated William Walker to target Plaintiff's bad arm because he was agitated and intended to cause Plaintiff pain far in excess of what was necessary to execute the arrest.

42.     Understanding plaintiff's disability, William Walker knowingly, intentionally and repeatedly wrenched Plaintiff's arm behind his back in a deliberate attempt to exploit Plaintiff's disability as a means of causing injury, pain, and humiliation.

43.     Jacque Allen, David Nasser, and Does 4 through 30 similarly ignored Plaintiff's pleas and instead beat him as he lay defenseless on the ground.

6

SECOND AMENDED COMPLAINT

44.     Plaintiff had not said or done anything to warrant being beaten by the group of officers.

45.     William Walker, Jacque Allen, David Nasser, and Does 4 through 30 severely beat Plaintiff until they managed to force his hands behind his back, causing a severe injury to his left arm and shoulder.

46.     Plaintiff also suffered broken ribs and other serious injuries to his body from the officers' beating.

47.     After beating Plaintiff and forcing his hands behind his back, William Walker, Jacque Allen, David Nasser, and Does 4 through 30 attempted to lift Plaintiff off of the ground by his arms, causing Plaintiff additional, unnecessary pain and humiliation.

48.     An unidentified CBP officer defendant handcuffed Plaintiff's arms behind his back and took him into custody at the Port of Entry.

49.     On information and belief, the incident between Plaintiff and the defendant CBP officers was captured by video cameras at the Port of Entry.

50.     Inside the Port of Entry, Plaintiff's arms remained handcuffed behind his back for several hours.

51.     David Nasser and Does 21 through 30 were aware of Plaintiff's disability, his shoulder injury, and his other injuries.

52.     David Nasser and Does 21 through 30 were also aware that Plaintiff's shoulder injury and the manner in which Plaintiff was handcuffed behind his back caused him to remain in enormous pain.

53.     Nonetheless David Nasser and Does 21 through 30 left Plaintiff handcuffed for several hours behind his back.

SECOND AMENDED COMPLAINT

54.     After the incident, other federal law-enforcement officials responded to interview Plaintiff, and the involved CBP officials, about this use-of-force incident at the border.

55.     As a regular part of an investigation of that kind, investigating federal law enforcement agents obtained and retained a copy of the video camera footage involving Plaintiff and CBP officials from the Port of Entry that day.

56.     On information and belief, at least Jacque Allen and William Walker and perhaps other Doe defendants who used force against Plaintiff made oral statements to investigating agents about the use-of-force incident involving Plaintiff.

57.     On information and belief, some of the oral statements given to investigating agents by William Walker, Jacque Allen, David Nasser, and Does 4 through 30 were belied by the videotaped evidence and the accounts of other witnesses.

58.     Jacque Allen, David Nasser, William Walker and perhaps other officers who used force against Plaintiff also created written reports alleging that Plaintiff had committed a federal offense in assaulting or resisting CBP officers.

59.     Any written report claiming that Plaintiff assaulted a CBP official or unlawfully resisted arrest is false, and constitutes falsification of evidence.

60.     On information and belief, after Plaintiff was taken into custody, the United States Attorney's Office for the Southern District of California received a prosecution referral for Plaintiff, seeking to charge him with assault on a federal officer.

61.     On information and belief, that prosecution referral included false statements by Jacque Allen and William Walker and perhaps others about Plaintiff and his actions at the border.

8

62.     Plaintiff was ultimately released from custody without explanation.

63.     Plaintiff was not charged with assaulting an officer or any other crime.

64.     William Walker, Jacque Allen, David Nasser, and Does 4 through 30 knew that any prosecution referral for Plaintiff was likely to lead to litigation about their violent mishandling and false arrest of Plaintiff.

65.     On information and belief, when charges against Plaintiff were rejected, William Walker, Jacque Allen, David Nasser, and Does 4 through 30 understood that their misconduct against Plaintiff was likely to become the subject of an administrative tort claim or civil litigation.

66.     Customs and Border Protection investigates administrative tort claims that are submitted against its officers.

67.     The Department of Homeland Security, Office for Civil Rights and Civil Liberties receives allegations of wrongdoing from the Department's components and also investigates those allegations.

68.     On information and belief, the Department of Homeland Security or the Department of Justice investigated the misconduct alleged here.

69.     On information and belief, those investigations involved notifying William Walker, Jacque Allen, David Nasser, and Does 4 through 30 of the misconduct alleged here by Plaintiff as well as notifying William Walker, Jacque Allen, David Nasser, and Does 4 through 30 that Plaintiff was seeking relief through the administrative tort claims process.

70.     On information and belief, at an unidentified date before February 14, 2020, William Walker, Jacque Allen, David Nasser, and Does 4 through 30 understood plaintiff was seeking relief for their misconduct and that their misconduct was likely to be the subject of civil litigation.

9

71.     Plaintiff's injuries, particularly to his left shoulder, have required and continue to require repeated medical attention and surgical intervention.

72.     Plaintiff has been in constant pain and suffering since the beating, and his treatment remains ongoing at the Veteran's Administration.

## V.     CAUSES OF ACTION.

### FIRST CAUSE OF ACTION:

#### *Bivens* action: Excessive Force

#### (William Walker, Jacque Allen, David Nasser, and Unknown CBP Officer Does 4-30)

73.     Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

74.     This cause of action is based upon *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

75.     Plaintiff had a Fourth Amendment right to be free from unreasonable searches and seizures, including the use of excessive force.

76.     Defendants violated that right by pushing Plaintiff to the ground, severely beating him, and forcing Plaintiff's hands behind his back beyond his range of motion, causing a severe injury to his arm and shoulder.

77.     These defendants were not acting in good faith, were acting under color of law, and violated Plaintiff's Fourth Amendment rights.

78.     These defendants are sued in their individual capacities for the purposes of this cause of action.

79.     Defendants' actions were the legal, foreseeable, and proximate cause of Plaintiff's injuries, and caused damages to him in an amount to be proven at trial.

### SECOND CAUSE OF ACTION:

10

*Bivens* **action: Illegal Arrest**

**(William Walker, Jacque Allen, David Nasser, and Unknown CBP Officer Does 4-30)**

80.     Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

81.     This cause of action is based upon *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

82.     Plaintiff had a Fourth Amendment right to be free from unreasonable searches and seizures, including unlawful arrests.

83.     Defendants violated that right by detaining, arresting, and placing Plaintiff in custody, despite Plaintiff having done nothing illegal at any time and Defendants having no reasonable suspicion or probable cause that any crime had been committed.

84.     These defendants were not acting in good faith, were acting under color of law, and violated Plaintiff's Fourth Amendment rights.

85.     These defendants are sued in their individual capacities for the purposes of this cause of action.

86.     Defendants' actions were the legal, foreseeable, and proximate cause of Plaintiff's injuries, and caused damages to him in an amount to be proven at trial.

## THIRD CAUSE OF ACTION:

*Bivens* **action: Falsification of Evidence**

**(William Walker, Jacque Allen, David Nasser, and Unknown CBP Officer Does 4-30)**

87.     Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

11

88.     This cause of action is based upon *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

89.     Plaintiff had a Fifth Amendment right to Due Process, and to be free from the fabrication of evidence by officers acting under color of law.

90.     Defendants violated that right by falsifying written reports about Plaintiff, by claiming that Plaintiff assaulted and/or resisted officers unlawfully, and making similar claims to federal law enforcement agents investigating this incident.

91.     These defendants were not acting in good faith, were acting under color of law, and violated Plaintiff's Fourth Amendment rights.

92.     These defendants are sued in their individual capacities for the purposes of this cause of action.

93.     Defendants' actions were the legal, foreseeable, and proximate cause of Plaintiff's injuries, and caused damages to him in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION:
### Rehabilitation Act (29 U.S.C. § 701 et seq.)
### (United States of America)

94.     Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

95.     Plaintiff is an individual with a disability. Specifically, Plaintiff is disabled within the meaning of the Rehabilitation Act in his left hand, arm, and shoulder. Plaintiff is also disabled as a result of significant hearing loss.

96.     Plaintiff has a right under the Rehabilitation Act to be free from discrimination by reason of his disability.

12

97.     The CBP, as an agency of the United States, had a duty under the Rehabilitation Act to refrain from arresting Plaintiff for reasons related to his disability.

98.     The CBP, as an agency of the United States, also had a duty under the Rehabilitation Act to provide Plaintiff a reasonable accommodation upon learning of Plaintiff's disabilities.

99.     The CBP violated these duties by arresting Plaintiff for reasons related to his disability.

100.    CBP violated these duties by wrenching Plaintiff's hands behind his back despite knowing that Plaintiff could not perform that movement due to his disability.

101.    Defendants could have deescalated the situation and attempted to understand whether there was a lawful basis for any arrest.

102.    Defendants could have relied on alternate or less severe means to restrain Plaintiff during the arrest instead of violently forcing his hands behind his back and severely injuring his left arm and shoulder.

103.    Defendants could have relied on alternate or less severe means of confining Plaintiff than keeping his hands cuffed behind his back.

104.    Defendants' actions caused Plaintiff greater injury and indignity during the process as compared to other arrestees.

105.    Defendants' actions violated the Rehabilitation Act and foreseeably and proximately caused damages to Plaintiff in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION:

### FTCA: False Imprisonment

### (United States of America)

13

106.     Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

107.     Defendants intentionally deprived Plaintiff's freedom of movement by force, threats of force, menace, and duress.

108.     Defendants arrested Plaintiff, or contributed to his arrest, in their official capacity and in the scope of their employment as CBP Officers of the United States of America.

109.     Plaintiff was not allowed to leave for an appreciable time.

110.     Plaintiff did not consent to be imprisoned.

111.     Defendants' actions were a substantial factor in causing harm to Plaintiff, and he suffered damages in an amount to be proven at trial.

<u>**SIXTH CAUSE OF ACTION**</u>:

**FTCA: Assault**

**(United States of America)**

84.     Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

85.     Defendants created a reasonable apprehension in Plaintiff of immediate harmful or offensive contact. Specifically, Defendants bumped into Plaintiff, pushed him to the ground, severely beat him while he lay on the ground, and forced his arms beyond their range of movement.

86.     Plaintiff reasonably believed that he was about to be touched by Defendants in a harmful or offensive manner.

87.     Defendants acted without privilege or Plaintiff's consent.

88.     Defendants acted in their official capacity and in the scope of their employment as CBP officers of the United States of America.

14

89.     Defendants' actions were a substantial factor in causing harm to Plaintiff, and he suffered damages in an amount to be proven at trial.

### SEVENTH CAUSE OF ACTION:

### FTCA: Battery

### (United States of America)

90.     Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

91.     Defendants acted with an intent to cause harmful or offensive contact with the person of Plaintiff and the intended harmful or offensive contact did in fact occur. Specifically, Defendants bumped into Plaintiff, pushed him to the ground, severely beat him while he lay on the ground, and forced his arms beyond their range of movement.

92.     Defendants acted without privilege or Plaintiff's consent.

93.     Defendants acted in their official capacity and in the scope of their employment as CBP officers of the United States of America.

94.     Defendants' actions were a substantial factor in causing harm to Plaintiff, and he suffered damages in an amount to be proven at trial.

### EIGHTH CAUSE OF ACTION:

### FTCA: Negligence

### (United States of America)

95.     Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

96.     Defendants had a duty to use reasonable care in interacting with a citizen. Defendants had a duty to use reasonable care in performing an arrest, and only using such force as was required by the circumstances. Defendants had a duty to avoid needlessly and negligently harming Plaintiff during an arrest. Defendants

15

had a duty to provide accurate and true information in reports about incidents at the Port of Entry.

97.     Defendants breached all these duties by bumping into Plaintiff, pushing him to ground, forcing his arms beyond their range of movement, recklessly harming him, arresting him without reasonable suspicion or probable cause, and presenting false information in reports about the incident with Plaintiff.

98.     Defendants acted in their official capacity and in the scope of their employment as CBP Officers of the United States of America.

99.     Defendants' actions were a substantial factor in causing harm to Plaintiff, and he suffered damages in an amount to be proven at trial.

### NINTH CAUSE OF ACTION:

### FTCA: Bane Act (California Civil Code § 52.1)

### (United States of America)

100.     Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

101.     Defendants, by their violent conduct, interfered by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion, with the exercise or enjoyment of Plaintiffs' rights as secured by Article I, Section 13 of the California Constitution.

102.     Defendants intended to deprive Plaintiff of his enjoyment of the rights and interests protected by the California Constitutions.

103.     Defendants acted in their official capacity and in the scope of their employment as CBP Officers of the United States of America.

104.     Defendants' actions were a substantial factor in causing harm to Plaintiff, and he suffered damages in an amount to be proven at trial.

### TENTH CAUSE OF ACTION:

16

## FTCA: Intentional Infliction of Emotional Distress
## (United States of America)

105.   Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

106.   Defendants William Walker, Jacque Allen, David Nasser, and Unknown CBP Officer Does 4-30 engaged in extreme and outrageous conduct that transcended the bounds of human decency. Specifically, Defendants pushed Plaintiff to ground, severely beat him, injured his arm and shoulder after forcing them beyond their range of motion, and arrested him without reasonable suspicion or probable cause.

107.   Defendants intended to cause, and did cause, Plaintiff to experience severe physical injury and emotional distress and each acted with a reckless disregard of the probability that Plaintiff would suffer injuries.

108.   Defendants acted in their official capacity and in the scope of their employment as CBP Officers of the United States of America.

109.   Plaintiffs suffered severe distress, and Defendants' conduct was a substantial factor in causing Plaintiff's severe distress.

110.   As a result, Plaintiff suffered damages in an amount to be proven at trial.

## PUNITIVE DAMAGES:
## (William Walker, Jacque Allen, David Nasser, and Unknown CBP Officer Does 4-30)

111.   Plaintiff reasserts, re-alleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

112.   In pushing Plaintiff to the ground, severely beating him, forcing Plaintiff's hands behind his back beyond his range of motion, which caused a

17

severe injury to his arm and shoulder, arresting him without reasonable suspicion or probable cause, and falsifying evidence against him, Defendants William Walker, Jacque Allen, David Nasser, and Unknown CBP Officer Does 4-30 acted with malice and oppression and with a willful and conscious disregard of Plaintiff's rights and safety.

113.   Defendants' conduct was despicable and subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights.

114.   Defendants' despicable conduct resulted in excruciating pain, suffering, distress, emotional distress, and humiliation to Plaintiff, in violation of his constitutional rights. Defendants are liable for punitive damages accordingly.

## VI.   RELIEF REQUESTED.

115.   For general damages and compensatory damages in an amount according to proof;

116.   For punitive damages against the individual defendants;

117.   Civil penalties as provided by law;

118.   Monetary damages as provided by law;

119.   Attorneys' fees under the Rehabilitation Act (29 U.S.C. § 701 et seq.) and Cal. Civ. Code § 52.1;

120.   Legal interest on all damages awards from the date of judicial demand until paid;

121.   Costs of suit;

122.   And for such other and further relief as the Court may deem proper.

18

## VII.   JURY DEMAND.

Plaintiff hereby respectfully demands that a trial by jury be conducted with respect to all non-FTCA issues presented herein.

Respectfully submitted,

s/ *Timothy A. Scott*

Dated:  August 13, 2021        */s/ Marcus Bourassa*
SINGLETON SCHREIBER
MCKENZIE & SCOTT LLP
Attorneys for Plaintiff

SECOND AMENDED COMPLAINT