RANDY S. GROSSMAN
United States Attorney
DAVID B. WALLACE
Assistant U.S. Attorney
Cal. State Bar No. 172193
BRETT NORRIS
Assistant U.S. Attorney
Cal. State Bar No. 224875
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7669/7620
Facsimile: (619) 546-7751
Email: dave.wallace@usdoj.gov
Brett.norris@usdoj.gov

Attorneys for Defendant
United States of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. REYES,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA;<br>CBP OFFICERS WILLIAM WALKER,<br>JACQUE ALLEN, DAVID NASSER,<br>AND DOE CBP OFFICERS 4-30,<br>INDIVIDUALLY AND IN THEIR<br>OFFICIAL CAPCACITIES, inclusive,<br><br>        Defendants. | Case No.:  20-cv-1752-WQH-LL<br><br>**ANSWER TO SECOND AMENDED COMPLAINT BY UNITED STATES OF AMERICA** |

Defendant United States of America (hereinafter "Defendant") hereby answers Plaintiff's Second Amended Complaint ("SAC") as follows:

## I.    INTRODUCTION

1.    In answer to paragraph 1 of the SAC, Defendant alleges that the allegations therein constitute Plaintiff's characterization of his claim or legal conclusions to which no answer is required. To the extent an answer is required, said allegations are denied.

## II.    JURISDICTION AND VENUE

2.     In answer to paragraph 2 of the SAC, Defendant alleges that this paragraph contains

legal conclusions as to jurisdiction, as to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation contained therein.

3.     In answer to paragraph 3 of the SAC, Defendant admits the substantial truth of the allegations contained therein.

4.     In answer to paragraph 4 of the SAC, Defendant admits the substantial truth of the allegations contained therein.

5.     In answer to paragraph 5 of the SAC, Defendant admits the substantial truth of the allegations contained therein.

### III.   PARTIES

6.     In answer to paragraph 6 of the SAC, Defendant admits the substantial truth of the allegations contained therein.

7.     In answer to paragraph 7 of the SAC, Defendant admits the substantial truth of the allegations contained therein.

8.     In answer to paragraph 8 of the FAC, Defendant admits that CBP Officers William Walker, Jacque Allen, and David Nasser were acting in their official capacity when encountering Plaintiff.  Defendant denies all other allegations in paragraph 8.

### IV.   FACTS SUPPORTING CAUSES OF ACTION

9.     In answer to paragraph 9 of the SAC, Defendant admits the substantial truth of the allegations contained therein.

10.    In answer to paragraph 10 of the SAC, Defendant admits the substantial truth of the allegations contained therein.

11.    In answer to paragraph 11 of the SAC, Defendant admits that CBP Officer Jacque Allen asked Plaintiff to step out of his car.  To the extent not expressly admitted, Defendant denies all other allegations in paragraph 11.

12.    In answer to paragraph 12 of the SAC, Defendant admits the substantial truth of the allegations contained therein.

13.     In answer to paragraph 13 of the SAC, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and based thereon, denies generally and specifically each of those allegations.

14.     In answer to paragraph 14 of the SAC, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and based thereon, denies generally and specifically each of those allegations.

15.     In answer to paragraph 15 of the SAC, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and based thereon, denies generally and specifically each of those allegations.

16.     In answer to paragraph 16 of the SAC, Defendant denies that Plaintiff did not hear Officer Jacque Allen's initial instructions to step out of his car.  During his deposition, Plaintiff admitted, under oath, that he heard Officer Allen's initial instructions to step out of his car.

17.     In answer to paragraph 17 of the SAC, Defendant  denies, generally and specifically, each of the allegations and characterizations therein.

18.     In answer to paragraph 18 of the SAC, Defendant admits that Plaintiff exited his vehicle stood by the trunk of his vehicle, rather than following the CBP Officers' instructions and proceeding to the safe area along with the other drivers.  To the extent not expressly admitted, Defendant denies, generally and specifically, all other allegations in Paragraph 18.

19.     In answer to paragraph 19 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

20.     In answer to paragraph 20 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

21.     In answer to paragraph 21 of the SAC, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and based thereon, denies generally and specifically each of those allegations.

22.     In answer to paragraph 22 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

23.     In answer to paragraph 23 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

24.     In answer to paragraph 24 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

25.     In answer to paragraph 25 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

26.     In answer to paragraph 26 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

27.     In answer to paragraph 27 of the SAC, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and based thereon, denies generally and specifically each of those allegations.

28.     In answer to paragraph 28 of the SAC, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and based thereon, denies generally and specifically each of those allegations.

29.     In answer to paragraph 29 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

30.     In answer to paragraph 30 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

31.     In answer to paragraph 31 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

32.     In answer to paragraph 32 of the SAC, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and based thereon, denies generally and specifically each of those allegations.

33.     In answer to paragraph 33 of the SAC, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and based thereon, denies generally and specifically each of those allegations.

34.     In answer to paragraph 34 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

35.     In answer to paragraph 35 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

36.     In answer to paragraph 36 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

37.     In answer to paragraph 37 of the SAC, Defendant admits that Plaintiff struck Officer Walker in the neck and, in response, Officer Walker used reasonable and lawful force to take Plaintiff to the ground.  To the extent not expressly admitted, Defendant denies, generally and specifically, all other allegations and characterizations in Paragraph 37.

38.     In answer to paragraph 38 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

39.     In answer to paragraph 39 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

40.     In answer to paragraph 40 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

41.     In answer to paragraph 41 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

42.     In answer to paragraph 42 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

43.     In answer to paragraph 43 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

44.     In answer to paragraph 44 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

45.     In answer to paragraph 45 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

46.     In answer to paragraph 46 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

47.     In answer to paragraph 47 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

48.     In answer to paragraph 48 of the SAC, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and based thereon, denies generally and specifically each of those allegations.

49.     In answer to paragraph 49 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

50.     In answer to paragraph 50 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

51.     In answer to paragraph 51 of the SAC, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and based thereon, denies generally and specifically each of those allegations.

52.     In answer to paragraph 52 of the SAC, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and based thereon, denies generally and specifically each of those allegations.

53.     In answer to paragraph 53 of the SAC, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and based thereon, denies generally and specifically each of those allegations.

54.     In answer to paragraph 54 of the SAC, Defendant admits that Plaintiff was interviewed by federal officials but denies all other allegations contained in paragraph 54.

55.     In answer to paragraph 55 of the SAC, Defendant admits that it retained a copy of Plaintiff's post-Miranda interview, but denies that there is, or ever was, a video recording of Plaintiff's assault of Officer Walker, of Plaintiff's subsequent arrest, or of any other interactions between Plaintiff and CBP Officers on August 1, 2018.  To the extent not expressly admitted, Defendant denies all other allegations contained in paragraph 55.

56.     In answer to paragraph 56 of the SAC, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and based thereon, denies generally and specifically each of those allegations.

57.     In answer to paragraph 57 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

58.     In answer to paragraph 58 of the SAC, Defendant admits that Officers Walker, Allen, and Nasser gave written statements regarding Plaintiff's assault on Officer Walker and Plaintiff's subsequent arrest.  To the extent not expressly admitted, Defendant denies all other allegations in Paragraph 58.

59.     In answer to paragraph 59 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.  During his deposition, Plaintiff admitted, under oath, that he made physical contact with Officer Walker before he was taken to the ground and arrested.

60.     In answer to paragraph 60 of the SAC, Defendant admits the substantial truth of the allegations contained therein.

61.     In answer to paragraph 61 of the SAC, Defendant denies, generally and

1  specifically, each, all, and every allegation contained therein.

2      62.    In answer to paragraph 62 of the SAC, Defendant alleges that it is without
3  knowledge or information sufficient to form a belief as to the truth of the allegations
4  contained therein and based thereon, denies generally and specifically each of those
5  allegations.

6      63.    In answer to paragraph 63 of the SAC, Defendant admits that Plaintiff was not
7  prosecuted for assaulting Officer Walker, or for any other crime relating to his interaction
8  with CBP Officers on August 1, 2018.  To the extent not expressly admitted, Defendant
9  denies the allegations in Paragraph 63.

10      64.    In answer to paragraph 64 of the SAC, Defendant denies, generally and
11  specifically, each, all, and every allegation contained therein.

12      65.    In answer to paragraph 65 of the SAC, Defendant denies, generally and
13  specifically, each, all, and every allegation contained therein.

14      66.    In answer to paragraph 66 of the SAC, Defendant alleges that it is without
15  knowledge or information sufficient to form a belief as to the truth of the allegations
16  contained therein and based thereon, denies generally and specifically each of those
17  allegations.

18      67.    In answer to paragraph 67 of the SAC, Defendant alleges that it is without
19  knowledge or information sufficient to form a belief as to the truth of the allegations
20  contained therein and based thereon, denies generally and specifically each of those
21  allegations.

22      68.    In answer to paragraph 68 of the SAC, Defendant admits that, in response to
23  Plaintiff's Complaint herein, the Civil Division of the U.S. Attorneys' Office for the
24  Southern District of California has investigated, and continues to investigate, Plaintiff's
25  claims. Defendant  alleges that it is without  knowledge or information sufficient to form a
26  belief as to the truth of the remaining allegations contained therein and based thereon, denies
27  generally and specifically each of those allegations.

28      69.    In answer to paragraph 69 of the SAC, Defendant alleges that it is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and based thereon, denies generally and specifically each of those allegations.

70.    In answer to paragraph 70 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

71.    In answer to paragraph 71 of the SAC, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and based thereon, denies generally and specifically each of those allegations.

72.    In answer to paragraph 72 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION:

*Bivens* action: Excessive Force

**(William Walker, Jacque Allen, David Nasser, and Unknown CBP Officer Does 4-30)**

73-79.  In answer to paragraphs 73-79 of the SAC, Defendant alleges that no answer is required to said paragraphs inasmuch as there are no charging allegations directed to this answering Defendant.  To the extent an answer is required, Defendant denies said allegations.

### SECOND CAUSE OF ACTION:

*Bivens* action: Excessive Force

**(William Walker, Jacque Allen, David Nasser, and Unknown CBP Officer Does 4-30)**

80-86.  In answer to paragraphs 80-86 of the SAC, Defendant alleges that no answer is required to said paragraphs inasmuch as there are no charging allegations directed to this answering Defendant.  To the extent an answer is required, Defendant denies said allegations.

## THIRD CAUSE OF ACTION:

### *Bivens* action: Falsification of Evidence

### (William Walker, Jacque Allen, David Nasser, and Unknown CBP Officer

### Does 4-30)

87-93.  In answer to paragraphs 87-93 of the SAC, Defendant alleges that no answer is required to said paragraphs inasmuch as there are no charging allegations directed to this answering Defendant.  To the extent an answer is required, Defendant denies said allegations.

## FOURTH CAUSE OF ACTION:

### Rehabilitation Action (29 U.S.C. §701 et seq.)

### (United States of America)

94.  In answer to paragraph 94 of the SAC, Defendant alleges that no answer is required to said paragraph inasmuch as there are no charging allegations.

95.  In answer to paragraph 95 of the SAC, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and based thereon, denies generally and specifically each of those allegations.

96.  In answer to paragraph 96 of the SAC, Defendant alleges that said paragraph contains legal conclusions, as to which no answer is required.  To the extent an answer is required, Defendant denies each and every allegation contained therein.

97.  In answer to paragraph 97 of the SAC, Defendant alleges that said paragraph contains legal conclusions, as to which no answer is required.  To the extent an answer is required, Defendant denies each and every allegation contained therein.

98.  In answer to paragraph 97 of the SAC, Defendant alleges that said paragraph contains legal conclusions, as to which no answer is required.  To the extent an answer is required, Defendant denies each and every allegation contained therein.

99.  In answer to paragraph 99 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

100.   In answer to paragraph 100 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

101.   In answer to paragraph 101 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

102.   In answer to paragraph 102 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

103.   In answer to paragraph 103 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

104.   In answer to paragraph 105 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

105.   In answer to paragraph 106 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

## FIFTH CAUSE OF ACTION:

### FTCA: False Imprisonment

### (United States of America)

106.   In answer to paragraph 106 of the SAC, Defendant alleges that no answer is required to said paragraph inasmuch as there are no charging allegations.

107.    In answer to paragraph 107 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

108.  In answer to paragraph 108 of the SAC, Defendant admits the substantial truth of the allegations contained therein.

109. In answer to paragraph 109 of the SAC, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and based thereon, denies generally and specifically each of those allegations.

110. In answer to paragraph 110 of the SAC, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and based thereon, denies generally and specifically each of those

1  allegations.

2      111.   In answer to paragraph 111 of the SAC, Defendant denies, generally and

3  specifically, each, all, and every allegation contained therein.

4  ### SIXTH CAUSE OF ACTION:

5  ### FTCA: Assault

6  ### (United States of America)

7      112.   (Erroneously referred to as ¶ 84).  In answer to paragraph 112 of the SAC,

8  Defendant alleges that no answer is required to said paragraph inasmuch as there are no

9  charging allegations directed to this answering Defendant.  To the extent an answer is

10  required, Defendant denies said allegations.

11      113. (Erroneously referred to as ¶ 85). In answer to paragraph 113 of the SAC,

12  Defendant denies, generally and specifically, each, all, and every allegation contained

13  therein.

14      114. (Erroneously referred to as ¶ 86). In answer to paragraph 114 of the SAC,

15  Defendant denies, generally and specifically, each, all, and every allegation contained

16  therein.

17      115. (Erroneously referred to as ¶ 87). In answer to paragraph 115 of the SAC,

18  Defendant denies, generally and specifically, each, all, and every allegation contained

19  therein.

20      116. (Erroneously referred to as ¶ 88). In answer to paragraph 116 of the SAC,

21  Defendant admits the substantial truth of the allegations contained therein.

22      117. (Erroneously referred to as ¶ 89). In answer to paragraph 117 of the SAC,

23  Defendant admits the substantial truth of the allegations contained therein.

24  ### SEVENTH CAUSE OF ACTION:

25  ### FTCA: Battery

26  ### (United States of America)

27      118. (Erroneously referred to as ¶ 90). In answer to paragraph 118 of the SAC,

28  Defendant alleges that no answer is required to said paragraph inasmuch as there are no

charging allegations directed to this answering Defendant.  To the extent an answer is required, Defendant denies said allegations.

119.  (Erroneously referred to as ¶ 91)  In answer to paragraph 119 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

120.  (Erroneously referred to as ¶ 92). In answer to paragraph 120 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein

121.  (Erroneously referred to as ¶ 93). In answer to paragraph 121 of the SAC, Defendant admits the substantial truth of the allegations contained therein.

122. (Erroneously referred to as ¶ 94). In answer to paragraph 122 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

## EIGHTH CAUSE OF ACTION:

### FTCA: Negligence

### (United States of America)

123. (Erroneously referred to as ¶ 95). In answer to paragraph 123 of the SAC, Defendant alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to this answering Defendant.  To the extent an answer is required, Defendant denies said allegations.

124. (Erroneously referred to as ¶ 96). In answer to paragraph 124 of the SAC, Defendant alleges that said paragraph contains legal conclusions, as to which no answer is required.  To the extent an answer is required, Defendant denies each and every allegation contained therein.

125. (Erroneously referred to as ¶ 97). In answer to paragraph 125 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

126. (Erroneously referred to as ¶ 98). In answer to paragraph 126 of the SAC,

Defendant admits the substantial truth of the allegations contained therein.

127. (Erroneously referred to as ¶ 99). In answer to paragraph 127 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

<b><u>NINTH CAUSE OF ACTION:</u></b>

<b>FTCA: Bane Act (California Civil Code § 52.1)</b>

<b>(United States of America)</b>

128. (Erroneously referred to as ¶ 100). In answer to paragraph 128 of the SAC, Defendant alleges that there are no charging allegations contained therein.

129. (Erroneously referred to as ¶ 101). In answer to paragraph 129 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein

130. (Erroneously referred to as ¶ 102). In answer to paragraph 130 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

131. (Erroneously referred to as ¶ 103). In answer to paragraph 131 of the SAC, Defendant admits the substantial truth of the allegations contained therein.

132. (Erroneously referred to as ¶ 104). In answer to paragraph 132 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

<b><u>TENTH CAUSE OF ACTION:</u></b>

<b>FTCA: Intentional Infliction of Emotional Distress</b>

<b>(United States of America)</b>

133. (Erroneously referred to as ¶ 105). In answer to paragraph 133 of the SAC, Defendant alleges that there are no charging allegations.

134. (Erroneously referred to as ¶ 106). In answer to paragraph 134 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

135.  (Erroneously referred to as ¶ 107).  In answer to paragraph 135 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

136.  (Erroneously referred to as ¶ 108).  In answer to paragraph 136 of the SAC, Defendant admits the substantial truth of the allegations contained therein.

137.  (Erroneously referred to as ¶ 109).  In answer to paragraph 137 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

138.  (Erroneously referred to as ¶ 110).  In answer to paragraph 138 of the SAC, Defendant denies, generally and specifically, each, all, and every allegation contained therein.

## PUNITIVE DAMAGES:

### (William Walker, Jacque Allen, David Nasser, and Unknown CBP Officer Does 4-30)

139.  (Erroneously referred to as ¶ 111).  In answer to paragraph 139 of the SAC, Defendant alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to this answering Defendant, to the extent an answer is required, Defendant denies said allegations.

140.   (Erroneously referred to as ¶ 112).  In answer to paragraph 140 of the SAC, Defendant alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to this answering Defendant, to the extent an answer is required, Defendant denies said allegations.

141.  (Erroneously referred to as ¶ 113).  In answer to paragraph 141 of the SAC, Defendant alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to this answering Defendant, to the extent an answer is required, Defendant denies said allegations.

142.  (Erroneously referred to as ¶ 114).  In answer to paragraph 142 of the SAC, Defendant alleges that no answer is required to said paragraph inasmuch as there are no

1  charging allegations directed to this answering Defendant, to the extent an answer is

2  required, Defendant denies said allegations.

3  ## VI.

4  ## RELIEF REQUESTED

5  The remainder of Plaintiff's SAC represents a prayer for relief to which no response

6  is required.  To the extent an answer is required, Defendant denies, generally and

7  specifically, each, all and every allegation contained therein.

8  ## VII.

9  ## JURY DEMAND

10  Plaintiff is not entitled to a jury trial under the Federal Tort Claims Act. *See* 28

11  U.S.C. § 2402.

12  ## VIII.

13  ## AFFIRMATIVE AND OTHER DEFENSES

14  All allegations not here before specifically admitted, denied or modified are hereby

15  denied. For further and separate answer, Defendant alleges as follows:

16  1.  The United States has not waived its sovereign immunity to suit under

17  California Civil Code § 52.1, whether sued thereon under the FTCA or otherwise.

18  2.  Any injuries sustained by Plaintiff were caused in whole, or in part, by and

19  through his own carelessness and negligence.

20  3.  The injuries and damages alleged by Plaintiff were not caused by a negligent

21  or wrongful act or omission on the part of any employee or agent of Defendant.

22  4.  To the extent any employee of the United States used force with respect to

23  Plaintiff, that employee was justified in the use of force, and the force used was reasonable

24  under the circumstances.

25  5.  The liability of Defendant, if any, and responsible parties, named or unnamed,

26  if any, should be apportioned according to their respective degrees of fault, and any liability

27  should be reduced accordingly.

28  6.  Plaintiff's claims are barred or diminished as a result of his failure to exercise

reasonable care in mitigating his damages.

7.      Plaintiff's recovery, if any, is limited to the amount of the claim Plaintiff presented administratively. *See* 28 U.S.C. § 2675(b).

8.      Plaintiff has alleged only speculative future damages that do not constitute compensable damages.

9.      All future damages, if any, must be reduced to present value.

10.     Income taxes must be deducted from the alleged past and future lost earnings, if any.

11.     In the event Defendant is found liable, which Defendant expressly denies, Defendant is entitled to an offset against damages, if any, for all amounts received by Plaintiff from the United States of America and its agencies by reason of Plaintiff's alleged injuries.

12.     The actions of Defendant's employees were privileged under federal and state law.

13.     Plaintiff had knowledge of and voluntarily assumed the risk of all that transpired.

15.     Plaintiff is not entitled to attorney's fees from Defendant or otherwise.

16.     Plaintiff is not entitled to general or punitive damages from Defendant.

17.     Plaintiff is not entitled to prejudgment interest from Defendant or otherwise.

18.     To the extent that the SAC could be construed in any way to assert a common law tort claim against the individual named Defendants, that claim is barred by 28 U.S.C. § 2679. The only proper defendant in an FTCA action is the United States of America.

//
//
//
//
//
//

1    WHEREFORE, having fully answered all counts of the SAC, Defendant prays that

2  Plaintiff takes nothing by way of his Complaint against it, that the same be dismissed, and

3  that judgment be awarded in favor of Defendant, together with costs and such other and

4  further relief as the Court deems appropriate in this case.

5

6    DATED:  October 21, 2021        Respectfully submitted,

7                                    RANDY S. GROSSMAN
                                     Acting United States Attorney
8

9                                     s/ David B. Wallace
                                     DAVID B. WALLACE
10                                   Assistant United States Attorney
                                     BRETT NORRIS
11                                   Assistant United States Attorney

12                                   Attorneys for Defendant
                                     United States of America
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28